IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| P.F., a minor by and through his Natural Mother and Next Friend, JESSICA FLAX, <br><br> Plaintiff, <br><br> v. <br><br> ERIC L. HETZEL, D.O., <br><br> Defendant. | Case No. 17-2184-CM |

## ORDER

This matter comes before the court upon defendant's Motion for Determination of Place of Trial (ECF No. 30). Defendant requests that the trial of this case be held in Wichita, Kansas. For the following reasons, this motion is denied without prejudice.

I.

This is a medical negligence case brought by the mother and next friend of P.F., minor. Plaintiff designated the place of trial as Kansas City. Defendant, Dr. Eric L. Hetzel, designated Wichita as the place of trial in his answer. Dr. Hetzel allegedly failed to diagnose P.F.'s Kawasaki's disease at Family Practice Associates in Dodge City, Kansas. Dr. Hetzel resides in Colorado Springs, Colorado, and plaintiff resides in Cimarron, Kansas. There is a companion case against a separate hospital regarding the same failure to diagnose P.F.'s Kawasaki's disease pending in Kansas City, Missouri, with similar witnesses and evidence. Many of P.F's treating physicians are located in Dodge City, Cimarron, Garden City and Wichita, including 17 of the 26 witnesses listed in plaintiff's initial disclosures. Plaintiff's family previously lived in Kansas City prior to moving to Cimarron, and designated two fact witnesses who live in Kansas City.

Five treating physicians reside in Kansas City. Wichita is approximately 150 miles from the Dodge City area and Kansas City is approximately 330 miles from Dodge City. Most of the expert witnesses will probably be from out of state. Kansas City and Wichita both have large airports. The parties' attorneys have offices in the Kansas City area.

## II.

To determine the proper place of trial, the court looks to the same factors relevant to a motion for change in venue under 28 U.S.C. § 1404(a).[1] The factors are: "(1) plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other practical considerations that make a trial easy, expeditious, and economical."[2]

The moving party bears the burden of establishing the existing forum is inconvenient.[3] Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.[4] Plaintiff's forum must be "substantially inconvenient" to warrant a change in forum.[5] A proposed forum is substantially inconvenient if all or almost all of the witnesses reside in a different forum and would face a substantial burden if the trial were held in the other forum.[6]

A. Plaintiff's Choice of Forum

As noted previously, plaintiff designated Kansas City as the place of trial. However, plaintiff does not reside in Kansas City and instead resides in Cimarron, approximately 350 miles

---

[1] *Lopez-Aguiree v. Bd. Of Cnty. Comm'rs of Shawnee Cnty., Kan.*, No. 12-2752-JWL, 2014 WL 853748, at *1 (D.Kan. Mar. 5, 2014).
[2] *McIntosh v. City of Wichita*, No. 14-2402-DDC-TJJ, 2015 WL 1646402, at *1 (D. Kan. Apr. 14, 2015).
[3] *Nkemakolam v. St. John's Military Sch.*, 876 F. Supp. 2d 1240, 1248 (D. Kan. 2012); *Heatron, Inc. v. Shackelford*, 898 F. Supp. 1491, 1494 (D. Kan. 1995); *Westhampton Care, Inc. v. Law Co.*, 896 F. Supp. 1093, 1094, 1995 WL 522875 (D. Kan. 1995).
[4] *Hill's Pet Prod., a Div. of Colgate-Palmolive Co. v. A.S.U., Inc.*, 808 F. Supp. 774, 776 (D. Kan. 1992); *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir.1992).
[5] *Menefee v. Zepick*, No. 09–1227–JWL, 2009 WL 1313236, at *2 (D.Kan. May 12, 2009).
[6] *Id*.

from Kansas City. If plaintiff's choice of forum is not his place of residence, the weight given to this factor is lessened.[7] Yet, plaintiff's designation of Kansas City still remains a factor to be considered.[8] Therefore, the first factor favors Kansas City, if only slightly.

B. Witness Convenience

The convenience of the forum to the witnesses is the primary factor to consider.[9] Currently, 17 of the 26 witnesses reside closer to Wichita. However, many of those 17 witnesses still reside at least 180 miles away from Wichita. In order to effectively evaluate this factor, it is important for discovery to have ended and the parties to have exchanged final witness lists.[10] Here, discovery will continue until June 29, 2018. Kansas courts have denied transferring the forum if the parties have not yet determined which witnesses will actually be called at trial and if other witnesses will be identified.[11] From the current witness list, two physicians reside in Wichita and five physicians reside on Kansas City. Therefore, given the early stages of discovery, this factor substantially favors neither party.

C. Accessibility of Evidence, Fair Trial, Other Considerations

Neither party raises the ability to compel witnesses as a significant factor. Since much of the evidence is in the form of electronic medical records, they can be accessed in both Kansas City and Wichita with the same amount of convenience. Defendant has not contended that he cannot obtain a fair trial in Kansas City.

Concerning other considerations, holding the trial in either location would require

---

[7] *Id.* at *1; *Spires v. Hosp. Corp. of Am.*, No. 06–2137–JWL, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006).
[8] *Nkemakolam*, 876 F. Supp. 2d at 1248.
[9] *Menefee*, 2009 WL 1313236, at *2.
[10] *EEOC v. Newman Univ.*, No. 05–2404–KHV, 2006 WL 23566, at *2 (D.Kan. Jan. 4, 2006); *Biglow v. Boeing Co.*, 174 F.Supp.2d 1187, 1195 (D.Kan.2001).
[11] *McIntosh v. City of Wichita, KS*, No. 14-2402-DDC-TJJ, 2015 WL 1646402, at *3 (D. Kan. Apr. 14, 2015) ("[T]he Court is inclined at this time to let the case progress through discovery and determine the proper place of trial nearer to the start of trial. As a consequence, the Court denies defendants' motion without prejudice. Defendants may refile this motion when the relevant geographical considerations emerge more fully"); *Curtis 1000, Inc. v. Pierce*, No. 94-4086-RDR, 1994 WL 478744 (D. Kan. Aug. 25, 1994).

substantial travel for all witnesses. Both cities have fairly sizeable airports and lodging opportunities. Further, both attorneys have offices near Kansas City. This last fact, however, is only given minimal consideration.[12]   None of this evidence falls heavily in favor of either party.

### III.

The burden is on defendant to show that Kansas City is a substantially inconvenient forum.  Defendant has failed to meet this burden. After final designation of witness lists, convenience for the witnesses may favor holding the trial in Wichita.  However, there is not enough evidence at this time to show that Kansas City, plaintiff's designated place of trial, is substantially more inconvenient than Wichita.  Defendant may refile this motion when discovery is completed and a clearer picture of what witnesses will actually testify emerges.

Accordingly,

**IT IS THEREFORE ORDERED** that defendant's Motion for Determination of Place of Trial (ECF No. 30) is hereby denied without prejudice.

**IT IS SO ORDERED.**

Dated this 30th day of November, 2017, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[12] *Frederick v. S. Star Cent. Gas Pipeline, Inc.*, No. 10-1063-JAR, 2010 WL 4386911 at *4 (D. Kan. Oct. 29, 2010).